IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON
2010 MAR 12 P 12: 2

John Edward Hammond, #122180,

    Plaintiff,

v.

Major D. Bush; Capt. R. Abston;
Lt. B. Hunter; Lt. C. Williams, Jr.;
Lt. J. Bennett; Lt. D. Harouff; Sgt.
J. Jeffrey; Ofc. M. Sayphens; and
Director Jon E. Ozmint,

    Defendants.

Civil Action No. 3:08-3592-SB

**ORDER**



This matter is before the Court upon the Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. In his complaint, which was filed on October 28, 2008, the Plaintiff claims that the Defendants used excessive force against him on June 10, 2007, and that they thereafter denied him adequate medical care.[1] The Plaintiff also alleges assault and battery against the Defendants.

On May 1, 2009,[2] the Defendants filed a motion for summary judgment alleging that: (1) they did not violate the Plaintiff's constitutional rights; (2) they are entitled to qualified immunity; (3) the Eleventh Amendment bars claims for money damages against them in their official capacities; (4) there is no vicarious liability for Defendant Ozmint under § 1983; (5) the Plaintiff is not entitled to injunctive relief; and (6) any state law claims are barred by

---

[1] The Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections, where he is serving a 70-year sentence for first degree criminal sexual conduct, burglary, and robbery.

[2] On April 2, 2009, the Magistrate Judge issued an order extending the deadline for the parties to file dispositive motions until May 1, 2009.

the South Carolina Tort Claims Act.

On May 4, 2009, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the summary judgment procedure and granting him 34 days to respond or file any material in opposition to the Defendants' motion. On June 3, 2009, the Plaintiff filed a response to the Defendants' motion. On the same day, the Plaintiff also filed a motion to appoint counsel,[3] a motion for an injunction and temporary restraining order, and a motion for summary judgment.

On November 16, 2009, the Magistrate Judge issued a report and recommendation ("R&R") in accordance with 28 U.S.C. 636(b)(1)(A) and (B) and the local rules of this district. In the R&R, the Magistrate Judge recommended that the Court grant the Defendants' motion for summary judgment, deny the Plaintiff's motion for summary judgment, and deny the Plaintiff's motion for an injunction and temporary restraining order. On November 30, 2009, the Plaintiff filed objections to the R&R, and on January 20, 2010, the Plaintiff filed a document entitled "Extension Time Jury Trial Demanded."

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may "accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made

---

[3] The Magistrate Judge denied the Plaintiff's motion to appoint counsel, which was his fifth, in an order filed on June 8, 2009.

2

and the basis for the objection. Id.; see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have also held de novo review to be unnecessary in [ ] situations when a party makes conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.").

In the R&R, the Magistrate Judge first considered the Plaintiff's motion for an injunction and temporary restraining order and determined that the Plaintiff failed to show (1) that he is likely to succeed on the merits of his claims; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in his favor; or (4) that an injunction is in the public interest. See Winter v. Natural Res. Defense Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 374-76 (2008). Next, the Magistrate Judge outlined the Plaintiff's allegations and determined that he could not prevail on his Eighth Amendment excessive force claim because he failed to show more than de minimus injury. Moreover, the Magistrate Judge determined that even if the Plaintiff could show more than de minimus injury, he still could not show the subjective component of his claim, i.e., that the Defendants inflicted force sadistically and maliciously for the sole purpose of causing harm.[4] With respect to the Plaintiff's medical claims, the Magistrate Judge determined that the Plaintiff failed to show that the Defendants were deliberately indifferent to any of his serious medical needs after the incident, as the evidence of record, including the Plaintiff's medical records and the affidavits of the officers and the medical staff involved, indicate that the Plaintiff received adequate medical treatment. Next, the

---

[4] As the Magistrate Judge noted, the Plaintiff, who has an extremely lengthy disciplinary history, admitted that he had his jumpsuit over the cell window after being asked to remove it, and that he refused to turn over a pill pack after being asked to do so.

3

Magistrate Judge determined that the Plaintiff failed to show that Defendant Ozmint was liable on a theory of respondeat superior, and lastly, the Magistrate Judge determined that the Defendants were entitled to Eleventh Amendment immunity (in their official capacities) and qualified immunity (in their individual capacities).

In his objections to the R&R, the Plaintiff first asks for the appointment of counsel, a request that the Magistrate Judge previously denied five times. After review, the Court agrees with the Magistrate Judge and finds that no "exceptional circumstances" warrant the appointment of counsel in this case. Accordingly, the Court denies the Plaintiff's request.

Next, the Plaintiff repeats his request for a preliminary injunction. After a review of the record, however, the Court agrees with the Magistrate Judge that, for the reasons stated in the R&R, the Plaintiff has failed to show that (1) he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of relief; (3) that the balance of the equities tips in his favor; or (4) that an injunction is in the public interest. Id.

Throughout the remainder of his objections, the Plaintiff simply rehashes his claims and makes conclusory allegations that are not supported by the record.[5] Moreover, nowhere in his objections does the Plaintiff specifically identify the portion(s) of the R&R to which he objects; rather, he seems to object to the R&R as a whole by re-alleging all of

---

[5] Importantly, the record includes a videotape of the incident, which this Court has reviewed. The video shows: the officers entering the Plaintiff's cell and taking him to the floor; the officers taking the Plaintiff outside for fresh air after the chemical munitions; the officers allowing the Plaintiff to shower; the officers placing the Plaintiff in a restraint chair; medical staff checking on the Plaintiff in the restraint chair; the officers taking the Plaintiff out of the restraint chair; and medical staff again checking on the Plaintiff. On the video, the Plaintiff is able to walk and fully move his head and neck as well as all extremities.

his arguments. After reviewing the entire record, the applicable law, and the Magistrate Judge's R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Moreover, the Court finds that the Plaintiff's objections are without merit. Therefore, the Court overrules the Plaintiff's objections and adopts and incorporates the R&R by reference.

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 45) is adopted and incorporated; the Plaintiff's objections (Entry 46) are overruled; the Defendants' motion for summary judgment (Entry 35) is granted; the Plaintiff's motion for summary judgment (Entry 41) is denied; the Plaintiff's motion for injunction and temporary restraining order (Entry 40) is denied; and any remaining motions are deemed moot.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

March 12, 2010
Charleston, South Carolina